# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD FEET WORLDWIDE, LLC,<br><br>           Plaintiff,<br><br>  vs.<br><br>LARRY SCHNEIDER,<br><br>           Defendant. | CASE NO. 10CV2603 JLS (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>(ECF No. 6.) |

On December 17, 2010, Plaintiff Good Feet Worldwide, LLC filed its complaint against Defendant Larry Schneider, asserting causes of action for trademark infringement, dilution of trademark, unfair business practices pursuant to state and federal law, breach of contract, intentional interference with contractual relations, and accounting. In response, Defendant filed the present motion to dismiss for improper venue, or in the alternative, to transfer venue. (Mot. to Dismiss, ECF No. 6.) Plaintiff opposed the motion, (Opp'n, ECF No. 8), and Defendant replied, (Reply, ECF No. 14). After consideration, the Court **DENIES** Defendant's motion.

## LEGAL STANDARD

A defendant may raise the defense of improper venue via a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In determining whether venue is proper, the Court may consider facts outside the pleadings probative of the issue of venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

If the Court determines venue is improper, it may dismiss the case, or if it is in the interest of justice, the Court may transfer the case to any other district in which it could have been brought.

1   28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982).

2   Ultimately, the decision whether to dismiss or transfer rests in the Court's sound discretion. *See*

3   *King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir. 1992).

4                                   **ANALYSIS**

5           The ultimate question before the Court is whether venue is proper in the Southern District

6   of California.  Plaintiff asserts that venue is proper by virtue of a forum selection clause contained

7   in a franchise agreement.  (Opp'n 4.)  Defendant asserts that he never entered into the agreement

8   and cannot be bound by the forum selection clause.  (Mot. to Dismiss 3–7.).

9           Thus, the venue question begets a contract question.  If the franchise agreement binds the

10   parties, the forum selection clause applies and venue is proper in the Southern District of

11   California.  If the franchise agreement does not ensnare Defendant, the parties agree that the action

12   should be transferred to the Eastern District of California.[1]  (Mot. to Dismiss 10; Opp'n 12.)

13          At the outset, the Court notes that Plaintiff—bearing the burden of establishing venue and

14   by extension the existence of a binding franchise agreement—does not present the Court with a

15   franchise agreement signed by Defendant.  (*See* Coleman Decl., Exhibit A, ECF No. 10.)  Instead,

16   Plaintiff offers several arguments to establish the existence and enforceability of a franchise

17   agreement between the parties.  Plaintiff's arguments and the Court's analysis covers three areas:

18   1) the statute of frauds; 2) whether the franchise agreement required both parties' signatures; and

19   3) Plaintiff's standing to assert the franchise agreement.

20   **1.      Statute of Frauds**

21          Defendant asserts that any franchise agreement is unenforceable because of the statute of

22   frauds.  The franchise agreement has a term of seven years.  As a result, the contract is not valid

23   unless it, or some note or memorandum thereof, is in writing and signed by the party against whom

24   enforcement is sought.  *See* Cal. Civ. Code § 1624(a)(1).  Here, Plaintiff attempts to enforce the

25   franchise agreement against Defendant, but the franchise agreement is not signed by Defendant.

26   (Coleman Decl., Exhibit A 97, ECF No. 10.)

27   *///*

28   ─────────────────────
            [1]Defendant does not challenge the validity of the forum selection clause itself.

Plaintiff concedes that the statute of frauds applies but presents two arguments in response. First, Plaintiff argues that the franchise agreement is enforceable even if unsigned because the statute of frauds is satisfied.  (Opp'n 5.)  Alternatively, Plaintiff argues that Defendant is estopped from relying on a statute of frauds defense.  (Opp'n 10.)  The Court finds that the statute of frauds is satisfied and discusses Plaintiffs' first argument only.

Plaintiff argues that statute of frauds is satisfied because Defendant "signed documents that relate to, refer to and/or comprise important Exhibits and Addenda to the Franchise Agreement that clearly evidence his intent to be bound by the Franchise Agreement."  (Opp'n 5.)

"A memorandum satisfies the statute of frauds if it identifies the subject of the parties' agreement, shows that they made a contract, and states the essential contract terms with reasonable certainty."  *Sterling v. Taylor*, 40 Cal. 4th 757, 766 (2007).  Although "[i]t is well established that a note or memorandum under the statute of frauds need not contain all of the details of an agreement between the parties," *Gold Seal Prods. v. R.K.O. Radio Pictures*, 134 Cal. App. 2d 843, 864 (1955) (internal citations and quotation marks omitted), it still must contain the "'essential' or 'meaningful' terms," *In re Marriage of Benson*, 36 Cal.4th 1096, 1108 (2005) (citations omitted). "What is essential depends on the agreement and its context and also on the subsequent conduct of the parties." *Sterling v. Taylor*, 40 Cal. 4th at 766.

Moreover, "several papers, only one of which is signed by the party to be charged, may be considered together to constitute an adequate memorandum of the contract." *Karl v. Jebien*, 231 Cal. App. 2d 769, 772 (1965).  Thus, "it is not necessary that the party to be charged sign all of the documents comprising the contract, if one of the documents in the series, or all of the documents taken together set forth clearly and completely all of the essential elements of the contract . . . ." *Straus v. De Young*, 155 F. Supp. 215 (S.D. Cal. 1957) (internal citations omitted).  The several papers need not be bound together.  It is sufficient that the signed writing references the other papers.  *See Dunham, Carrigan & Hayden Co. v. Thermoid Rubber Co.*, 84 Cal. App. 669, 674 (Cal. Ct. App. 1927); *Searles v. Gonzalez*, 191 Cal. 426, 431 (1923) ("While the memorandum must express the essential elements of the contract . . . these may be gathered either from the terms of the memorandum itself or from some other paper or papers therein referred to.").

10CV2603

1    The question before the Court, therefore, is whether there exists an adequate memorandum

2  of the contract signed by the party to be charged, Defendant.  Plaintiff puts forth several items that

3  Defendant signed, including four "Territory and Location Exhibits to the Franchise Agreements."

4  (Woeller Decl., Exhibits A–D, ECF No. 9).

5    The Court finds that the four signed Territory and Location Exhibits to the Franchise

6  Agreements constitute adequate memorandum of the franchise agreement.  The first of the four

7  Territory and Location Exhibits is illustrative.  (Woeller Decl., Exhibit A.)  The document

8  indicates that "[t]he Territory referred to in Section 4.1 of the FRANCHISE AGREEMENT is

9  defined as follows: In the state of California, the territory known as Fresno including the counties

10  of Madera and Fresno."  (*Id.*)  The Territory and Location Exhibit references the franchise

11  agreement that Plaintiff wishes to enforce and defines a term found in that agreement.  For the

12  purposes of statute of frauds analysis, the Court can properly consider the Territory and Location

13  Exhibit and the referenced franchise agreement together as a single memorandum.  *See Dunham,*

14  *Carrigan & Hayden Co.*, 84 Cal. App. at 674; *Searles*, 191 Cal. at 431.  This single memorandum

15  also contains all the essential terms of the parties' contract with reasonable certainty.  Indeed, it

16  contains the franchise agreement itself.  And finally the memorandum is signed by the party to be

17  charged, Defendant Larry Schneider.  Thus, the Court finds that the statute of frauds is satisfied by

18  a memorandum subscribed to by Defendant.

19  **2.    Signature by Both Parties**

20    Defendant argues that any franchise agreement signed by Defendant is void because the

21  franchise agreement indicates that "the agreement will not be binding unless and until it has been

22  accepted and signed by an authorized officer of Good Feet."  (Mot. to Dismiss 4 (internal

23  quotations omitted).)  This is misleading as the Franchise Agreement actually says "this agreement

24  will not be binding on Good Feet unless and until it has been accepted and signed by an authorized

25  officer of Good Feet."  (Coleman Decl., Exhibit A 97.)  Moreover, the statute of frauds requires a

26  signature only by the party against whom the contract is to be enforced.  *Karl*, 231 Cal. App. 2d at

27  772.  And here both parties signed the memorandum of the contract.  (*See* Woeller Decl., Exhibit

28  A.)  Thus, the Court finds this argument unavailing.

**3.     Plaintiff's Standing to Assert an Existing Franchise Agreement**

Defendant argues that even if a franchise agreement binds Defendant, Plaintiff does not have standing to enforce it.  (Mot. to Dismiss 7.)  In 2003 Good Feet, Inc. sent Defendant a Uniform Franchise Offering Circular that contained the franchise agreement at issue.  (Coleman Decl., Exhibit A, ECF No. 10.)  The memorandum of the contract that satisfies the statute of frauds was also signed in 2003.  (Woeller Decl., Exhibit A.)  Plaintiff here is Good Feet Worldwide, LLC, a company that acquired Good Feet, Inc's assets in 2004.

Defendant argues that Good Feet Worldwide, LLC cannot enforce the franchise agreement and the venue provision contained in it because Good Feet Worldwide, LLC was not a party to the 2003 franchise agreement.  But as Mr. Coleman indicated, "Good Feet, LLC acquired the assets of Good Feet, Inc. including an assignment of Good Feet, Inc's rights under the Franchise Agreement."  (Coleman Decl. ¶ 5.)  And Defendant provides no opposing evidence.  Thus, the Court finds that Plaintiff has standing to assert the existing franchise agreement.

**4.     Conclusion**

Although the 2003 Franchise Agreement itself was not signed by Defendant, Plaintiff provides sufficient evidence to satisfy the statute of frauds.  The signed Territory and Location Exhibits to the Franchise Agreements reference the franchise agreement and together form an adequate memorandum of the contract.  Because the franchise agreement exists and the forum selection clause is uncontested, the Court finds venue proper in the Southern District of California.

## CONCLUSION

For the reasons stated, the Court **DENIES** Defendant's motion to dismiss for improper venue. Venue is proper in the Southern District of California pursuant to the franchise agreement's forum selection clause.

**IT IS SO ORDERED.**

DATED:  August 1, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge

10CV2603